IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. LENAHAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEH JOHNSON, Secretary, U.S. Department Homeland Security,<br><br>　　　　　Defendant. | CIVIL ACTION<br>NO. 15-00763 |

PAPPERT, J.　　　　　　　　　　　　　　　　　　　　　　　　FEBRUARY 1, 2016

### MEMORANDUM

　　　　Plaintiff James A. Lenahan ("Lenahan") sued Defendant Jeh Johnson ("Johnson"), Secretary of the United States Department of Homeland Security, alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Johnson moves to dismiss Lenahan's retaliation claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Johnson's motion is granted.

### I.

　　　　Lenahan works for the Transportation Security Agency ("TSA") at the Philadelphia International Airport. (Am. Compl. ¶ 5, ECF No. 4.) On February 25, 2008, William Myers ("Myers"), then Deputy Assistant Federal Security Director for Screening with TSA, conducted an "unannounced pre-decision discipline discussion" with Lenahan concerning, *inter alia*, "misrepresentation on official government documents resulting in significant government loss." (*Id*. ¶¶ 8, 10.) The following day, Myers issued a memorandum to all TSA security personnel stating that Lenahan had been placed on administrative leave with pay as a result of his alleged failure to record employee leave requests. (*Id*. ¶¶ 12, 18.) On March 5, 2008, George E. Clisby

1

("Clisby"), the Assistant Federal Security Director for Screening, issued a notice proposing Lenahan's removal from his position. (*Id.*) Instead of being terminated, Lenahan was demoted on April 14, 2008 to a non-supervisory role. (*Id.* ¶ 15.)

Lenahan filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") on May 12, 2008, alleging: (1) race (Caucasian) and color (white) discrimination; (2) racial harassment; and (3) retaliation. (*Id.* ¶ 14, Ex. A.) On July 7, 2008, Lenahan filed another complaint which, in all material respects, mirrored his May 12 complaint. (*Id.* ¶ 16, Ex. B.) The complaints were consolidated and presented at a hearing before an Administrative Law Judge ("ALJ") on January 9, 2013. (*Id.* ¶¶ 16–17.) During the hearing, Myers and Donna Rachuba ("Rachuba"), TSA's Regional Employee Relations Specialist, testified that Lenahan failed to record a number of employee leave requests, resulting in employees not being charged for leave taken. (*Id.* ¶ 18.) The ALJ issued a bench decision on January 11, 2013, finding in favor of TSA on all claims. (*Id.* ¶ 19; Def.'s Mot. to Dismiss ("Def.'s Mot.") at Ex. 1.)[1]

On April 8, 2013, Lenahan filed a complaint alleging that Myers and Rachuba had retaliated against him by providing false testimony at his administrative hearing. (Am. Compl. ¶ 20, Ex. C.) The EEOC dismissed Lenahan's complaint pursuant to 29 C.F.R. § 1614.107(a)(8), which prevents a party from filing a formal complaint that solely expresses dissatisfaction with the handling of prior complaints. (Def.'s Mot. at Ex. 2.) Lenahan appealed, and the EEOC Office of Federal Operations affirmed the decision on March 5, 2014. (*Id.*) Lenahan sought

---

[1] "In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160–61 (E.D. Pa. 1996) (citing *Pension Ben. Guar. Corp. v. White Consol. Ind.*, 998 F.2d 1192, 1196–97 (3d Cir. 1993) *cert. denied*, 510 U.S. 1042 (1994)). The decisions attached to Johnson's motion to dismiss: (1) are decisions of administrative bodies; (2) are referenced in Lenahan's complaint; and (3) are essential to Lenahan's claims. Accordingly, the Court may consider these documents at the 12(b)(6) stage.

reconsideration, and the EEOC issued a final agency decision dismissing his complaint on November 14, 2014. (Am. Compl. ¶ 30, Ex. E.)

Lenahan filed his amended complaint on April 17, 2015. (ECF No. 4.) Johnson filed his motion to dismiss Count II of Lenahan's amended complaint on August 24, 2015.[2] (ECF No. 12.) Lenahan filed his response on September 18, 2015 (ECF No. 15) and Johnson filed his reply on September 24, 2015. (ECF No. 16.)

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. (quotation and citation omitted). Speculative and conclusory statements are not enough. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Furthermore, the court must construe the complaint in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)). However, while all allegations contained in the complaint must be accepted as true, the court need not give credence

---

[2] The Court's August 17, 2015 Order granted Johnson until August 24 to respond to Lenahan's amended complaint. (ECF No. 11.)

to mere "legal conclusions" couched as facts. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

Finally, a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

### III.

Count II of Lenahan's amended complaint alleges a claim for retaliation under Title VII. Specifically, Lenahan alleges that Myers and Rachuba retaliated against him by giving testimony at the January 9, 2013 EEOC hearing that "was outright false" and "lacking in any documentary support". (Am. Compl. ¶ 27.)

The Court is unaware of any cases finding that Title VII provides a remedy for alleged perjury in an administrative hearing. Indeed, Lenahan's counsel has unsuccessfully pursued this exact claim in at least two other cases within our Circuit. On both occasions the court made it abundantly clear that such claims are simply not viable under Title VII. Lenahan's counsel, however, remains undeterred.

In *Mamman v. Chao*, 06-2688, 2011 WL 1807521 (D.N.J. May 12, 2011), Lenahan's counsel challenged the Department of Labor's ("DOL") final decision dismissing his client's retaliation claim. *Mamman*, 2011 WL 1807521, at *1. The court observed that the plaintiff's claim was "novel" in that it alleged "that [agency] employees provided perjured testimony at his [agency] hearing as a means of retaliating against him." *Id*. at *4. Emphasizing that "Title VII is not a cause of action for perjury," the court found that "[t]he perjury claims . . . [did] not

constitute an independent cause of action for retaliation" under Title VII or civil rights laws generally.  *Id*. at *4–5 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993)).

The court additionally observed that perjury in an administrative hearing does not constitute a "materially adverse" action sufficient to state a retaliation claim.  *Id*. at *6 (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (finding that adverse action must be "materially adverse," such that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination")).  The court noted that retaliatory conduct that "is inseparable from the litigation of the claim" is a "matter to be resolved pursuant to court rules, not by Title VII." *Id*. (citing *McKenzie v. Ill. Dep't of Trans.*, 92 F.3d 473, 486 (7th Cir. 1996)).  Indeed, "'it is the rare case in which conduct occurring within the scope of litigation constitutes retaliation prohibited by' Title VII or other statutes prohibiting discrimination." *Id*. (citing *Steffes v. Stepan Co.*, 144 F.3d 1070, 1075–76 (7th Cir. 1998)).  Ultimately, the Court found that Plaintiff had "no legal basis" for his claim.  *Id*. at *7.

Despite there being "no legal basis," Lenahan's counsel advanced this "novel" theory a second time in *Mills v. Holder*, 13-6673, ECF No. 1 (E.D. Pa. Nov. 15, 2013) (complaint).  In *Mills*, Judge McHugh dismissed the plaintiff's retaliation claim, finding that no legally cognizable claim exists for retaliation based on perjury in an administrative proceeding.  *Mills v. Holder*, 13-6673, ECF No. 8 (E.D. Pa. Aug. 8, 2014) (order granting defendant's motion to dismiss plaintiff's retaliation claim) (citing *Mamman*, 2011 WL 1807521, at *10; *Hicks*, 509 U.S. at 521).  As in *Mamman* and *Mills*, the Court finds no legal basis supporting a Title VII retaliation claim under these circumstances.  Count II of Lenahan's amended complaint is accordingly dismissed.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.